# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60505
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

MIRNA SAGRARIO GUTIERREZ-ESCOBAR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 858 017

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mirna Sagrario Gutierrez-Escobar, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the denial of withholding of removal after the reinstatement of her removal order. We review for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, reversal is improper

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it.  *Id.*; *see* 8 U.S.C. § 1252(b)(4)(B).

Gutierrez-Escobar argues that she made the requisite showing of persecution on account of her religion through testimony that she was a member of an evangelical church that was attacked by gangs.  However, she conceded before the immigration judge that gangs in Honduras attempt to extort everyone, not just evangelicals; that the gangs threatened her because they thought she had money; and that if she were removed to Honduras, gangs would target her because her brother had refused to join them.  Accordingly, the evidence does not compel the conclusion that she has shown past persecution on account of religion or otherwise shown that it is more likely than not that her life or freedom would be threatened by persecution on account of religion in Honduras.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Gutierrez-Escobar also challenges the resolution of her case by a single member of the BIA.  However, she fails to show that her case met the standard for assignment to a three-member panel.  *See* 8 C.F.R. § 1003.1(e)(3)-(6).

In her brief, Gutierrez-Escobar requests an order directing the BIA either to close her case administratively or to remand the case to the immigration judge to consider administrative closure.  She first raised this issue in her motion to reconsider but has not petitioned for review of a ruling on that motion.  Accordingly, we lack jurisdiction to consider this issue.  *See Stone v. INS*, 514 U.S. 386, 394, 401-06 (1995).

We DENY the petition for review.  In light of the foregoing, we also DENY the motion for a stay and the request for a remand.